[Civ. No. 4413.  First Appellate District, Division Two.—March 28, 1923.]

## CREDIT CLEARANCE BUREAU (a Corporation), Respondent, v. GUARANTY LOAN COMPANY (a Corporation), Appellant.

[1] Attorney and Client — Contract for Services — Absence of Fraud and Undue Influence—Burden of Proof—Stipulation.— In an action on a claim for legal services, where the plaintiff assumes the burden of proof and introduces evidence showing that the alleged contract with defendant (the client) was based on a sufficient consideration and that defendant was free from undue influence, but counsel for defendant causes the trial court to strike out all such testimony and he states to the court that there was an express contract of employment and that the only issue in the case is as to the amount agreed to be paid for the services, defendant may not complain on appeal that plaintiff failed to prove that the contract was free from fraud or undue influence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Franklin A. Griffin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Edwin H. Williams for Appellant.

Edward J. Lynch for Respondent.

STURTEVANT, J. — The plaintiff commenced an action against the defendant to recover, as assignee, on a claim for legal services rendered by the plaintiff's assignor.  The plaintiff pleaded its cause of action in two counts, the first count an agreed value of $1,000, and the second count pleaded a reasonable value of $1,000.  On the trial of the case Fabius T. Finch, plaintiff's assignor, was called to the stand as the plaintiff's first witness.  He stated in detail the circumstances of his employment and the services which he rendered to the defendant.  From his testimony it appeared that he was employed by J. W. Treadwell orally at a time when Mr. Treadwell was the president, a director, and general manager of the defendant corporation.  The services rendered consisted of the advice given and also services per-

formed in maintaining an action to establish the title of the defendant to the Hotel Wilson, which is located at Mason and Eddy Streets, in San Francisco. After the case had been finally terminated Mr. Finch and Mr. Treadwell agreed upon the amount of the fee, and set the figure at $1000. The witness further gave testimony of and concerning the reasonable value of the services which he had rendered. While the witness was testifying the attorney for the defendant moved to strike out the evidence as to reasonable value, but the motion was denied. When the direct examination of the witness had been finished, and just before the cross-examination commenced, the following proceedings were had:

[1] "Mr. Williams: I want to make a motion to strike out all of the testimony of the witness in relation to the reasonable value of the alleged services and I base my motion on the ground that the witness' own testimony given here at this time shows that he made an express contract with the Guaranty Loan Company through its duly authorized officer, for the payment to him of $1000, and further I want to make this statement in open court, as attorney for the Guaranty Loan Company, that at the time that alleged contract was entered into Mr. Finch had already arranged with the corporation, but it was for the payment of $250, not for $1000.

"The Court: That is the only issue in the case?

"Mr. Williams: That is the only issue in the case.

"The Court: You concede that an agreement was entered into between the company and Mr. Finch and the only issue in the case is as to the amount?

"Mr. Williams: The amount of the agreement that was entered into.

"The Court: Under that statement of fact I will grant the motion to strike out."

The appellant now contends that in an action by an attorney against his client on a contract made during the existence of the employment, the burden of proof is upon the attorney to show that the contract so made is free from fraud or undue influence, and that this case falls within that rule. The respondent replies that he did assume the burden of proof and did introduce evidence showing that the alleged contract was based on a sufficient consideration, and that the

defendant corporation and its officers were free from undue influence, but that the appellant caused the trial court to strike out the testimony, and that the appellant may not now complain of the ruling made by the trial court. That reply is quite sufficient.

After the proceedings had in the trial court, which we have set forth *in haec verba,* the appellant argued in the trial court, and now argues, that it made no stipulation or admission in the trial court which limited its right to attack the making of the contract between the appellant and Mr. Finch. The argument is wholly unsupported by the record. The language shows that Mr. Williams' statement in the trial court was to the effect that an express contract had been made, and that the express contract was for $250 and not for $1,000. The trial court did not misunderstand nor misinterpret the language used by the attorney appearing for the defendant during the trial.

The appellant complains of certain rulings made by the trial court regarding the admission of certain testimony. No one of the rulings was erroneous. As the trial proceeded both parties delineated to the trial court their respective theories. The trial court accepted the statements so made to it in open court and acted thereon.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1923.